**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:06CV00476 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **TERESA WHITE, et al** | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| **WYETH, INC., et al.** | : | DEFENDANTS |

**ORDER**

Pending is Plaintiffs' Motion to Transfer and Remove from the MDL for Want of Jurisdiction Under 28 U.S.C. § 1332 (d)(11)(C).[1]  Defendants have responded.[2]

Plaintiffs contend that, under CAFA, this case could not be transferred to the MDL "unless a majority of the plaintiffs in the action request transfer pursuant to section 1407."[3] Since the majority of Plaintiffs did not consent to a 1407 transfer, Plaintiffs contend that the case should be transferred back to the Southern District of West Virginia.  Plaintiffs also rely on *Yobs, et al v. Wyeth, et al.*,[4] "another multi-plaintiff action filed by plaintiffs' counsel in Minnesota."[5]

---

[1]Doc. No. 11.

[2]Doc. No. 19.

[3]28 U.S.C. § 1332(d)(11)(C).

[4]0:06-CV-3120-DWF-JJG (D. Minn. filed July 26, 2006).

[5]Doc. No. 15.

1

Plaintiffs contend that "the same provision that prohibited transfer of *Yobs* to the MDL applies here, and is the basis for plaintiffs' request to transfer . . . ."[6]

The CAFA consent requirement Plaintiffs rely on applies to "mass actions" not class actions. According to CAFA, a "mass action" is:

> any civil action (*except* a civil action within the scope of section 1711(2) [i.e., a class action]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).[7]

A review of Plaintiffs' Amended Complaint makes it clear that this is a class action, not a mass action. Plaintiffs' Amended Complaint, reads: "Plaintiffs Teresa White, Blodwyn Doerfler, Marilyn Settle, and Janie Lea Wood, bring this lawsuit . . . on behalf of themselves and a class of others similarly situated."[8] Plaintiffs "seek certification of this action pursuant to West Virginia Rule of Civil Procedure 23, a class consisting of . . . ."[9] Additionally, Plaintiffs conduct a full analysis of their claims under Rule 23 in a section of the Amended Complaint titled "The Class Action."

Neither CAFA's "mass action" section nor *Yobs, et al v. Wyeth, et al* support Plaintiffs' argument. Since this case is *not* a mass action, CAFA's § 1407 transfer consent requirement does not apply. Accordingly, Plaintiffs' Motion to Transfer and Remove from the MDL for Want of Jurisdiction (Doc. No. 11) is DENIED.

---

[6]*Id.*

[7]28 U.S.C. § 1332 (11)(B)(1) (emphasis added).

[8]*White v. Wyeth, et al*, 2:06-CV-00080 (S.D. Va. filed February 3, 2006), Doc. No. 1.

[9]*Id*.

Regarding Plaintiffs' personal injury class action claims, Plaintiffs should review my comments made during the December 15, 2006.[10]  Plaintiffs may file a Motion for Class Certification with a supporting brief of no more than twelve pages by Tuesday, March 12, 2007. If Plaintiffs file such a motion and brief, Defendants may file a response and brief (no more than ten pages) by Thursday, March 22, 2007.

IT IS SO ORDERED this 27th day of February, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[10] *See* Hearing Tr. 36, December 15, 2006.

3