## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:06CV00476 |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| | : | |
| TERESA WHITE, et al | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| WYETH, INC., et al. | : | DEFENDANTS |

## ORDER

Pending are Plaintiffs' Motion to Remand Based Upon the Court's Suggestion of Remand Order of January 16, 2007 (Doc. No. 21) and Plaintiffs' Motion for Class Certification and to Amend Class Definition (Doc. No. 22). Defendants responded to both motions.[1]

**1.    Plaintiffs' Motion to Remand**

Plaintiffs assert that this case should be remanded because it is "subject to the very same West Virginia laws that the court found to be unsettled and in need of being addressed by West Virginia judges."[2] Plaintiffs' assertion is without merit. The case to which Plaintiffs refer, *Kuhn v. Wyeth*,[3] involved uncertainty regarding reliance under the West Virginia Consumer Credit and Protection Act. There is no uncertainty here. This case involves common law negligence claims, the elements of which are well-settled.

---

[1] Doc. Nos. 27, 29, 30, & 31.

[2] Doc. No. 21.

[3] No. 4:03-CV-329 (E.D. Ark. filed May 9, 2003).

1

## 2. Plaintiffs' Motion for Class Certification

Plaintiffs seek certification of a personal injury class under FRCP 23(b)(3) based on negligence claims -- specifically negligent failure to test and negligent failure to warn.[4] Plaintiffs' Amended Complaint proposes the following class:

> The plaintiff class consists of (1) all residents of West Virginia who used hormone therapy tablets (whether or not manufactured by the defendants) and subsequently suffered harm, including, but not limited to, any of the following: breast cancer, ovarian cancer, gallstones or gallbladder cancer, biliary tract or hepatic injury, deep vein thrombosis, pulmonary embolism, stroke, heart attack, Alzheimer's disease or vascular dementia, lupus, scleroderma, asthma, or death, fear of cancer, or medical monitoring expenses as a result and (2) all persons residing outside West Virginia who were prescribed hormone therapy tablets by a physician licensed and practicing in West Virginia.[5]

In the motion for class certification, Plaintiffs assert that this class should be "limited to West Virginia claimants . . . [or] further limited to the claimants represented by the undersigned law firm, The Calwell Practice, PLLC."[6] Plaintiffs also suggest that the class would be limited to people "who ingested HRT drugs for two years or more prior to 2004, and who were injured as a result thereof."[7]

To obtain class certification, Plaintiffs must meet all four requirements of Rule 23(a) and the requirements of at least one of the subdivisions of Rule 23(b).[8] A case is "not maintainable as a class action by virtue of its designation as such in the pleadings."[9] Instead, "[t]here must be an adequate statement of the basic facts to indicate that each requirement of the rule is

---

[4]Doc. No. 22.

[5]*White, et al v. Wyeth, et al*, No. 2:06-CV-00080 (S.D. W. Va. filed February 3, 2006), Doc. No. 1.

[6]Doc. No. 22.

[7]*Id.*

[8]FED. R. CIV. P. 23(b).

[9]*In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

2

fulfilled."[10] The party seeking class certification has the burden of establishing that certification is appropriate.[11]

Plaintiffs have not met their burden. Not only have Plaintiffs failed to cite *any* cases supporting their motion for class certification, they have failed to take this case outside of my August 30, 2005 order,[12] as well as, the long line of product liability MDLs that have rejected class certification in pharmaceutical drug cases.[13]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand Based Upon the Court's Suggestion of Remand Order of January 16, 2007 (Doc. No. 21) and Plaintiff's Motion for Class Certification and to Amend Class Definition (Doc. No. 22) are DENIED.

IT IS SO ORDERED this 28th day of March, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[10]*Id.*

[11]*Id.*

[12]*In re Prempro*, 230 F.R.D. 555 (E.D. Ark. 2005).

[13]*See In re Baycol Products Litigation*, 218 F.R.D. 197 (D. Minn. 2003); *In re Rezulin Products Liability Litigation*, 210 F.R.D. 61 (S.D.N.Y. 2002); *In re PPA Products Liability Litigation*, 208 F.R.D. 625 (W.D. Wash. 2002); *In re Paxil Litigation*, 212 F.R.D. 539, (C.D. Cal. 2003); *In re Propulsid Products Liability Litigation*, 208 F.R.D. 133, 139 (E.D. La. 2002); *In re Vioxx Products Liability Litigation*, 239 F.R.D. 450 (E.D. La. 2006).